PETER MERKEL

*v.*

ALBERT CAPONE.

[Decided May 19th, 1913.]

1. Where a testator by his will devised as follows: "To my son Peter Merkel or his lawful heirs I hereby give and bequeath all the tracts and parcels of land and premises conveyed to me by George T. Smith and wife, and known as Numbers 38, 40, 42, 44 and 46 Prince street, Newark, New Jersey, subject to all and every encumbrance thereon, for his own private use forever, under the express condition and restriction that

should my son Peter die without leaving any children or grandchildren or should all his children or grandchildren die without leaving any lawful issue, then and in such case I hereby give and bequeath all the property above bequeathed to my son Peter, to my son John and the children of my daughter Elizabeth M., viz. : one half to my son John and one half to the children of my said daughter Elizabeth M., or their several lawful heirs, for their private use forever," and at the time of the making of the will and at testator's death his son had two children living, each having children from after testator's death, the son has not an absolute title in fee-simple in the devised premises and cannot convey the same free of limitations over.

·2. The testator intended to provide throughout for two separate contingencies. The opening clause devised "To my son Peter or his lawful heirs," &c., the tracts in question. This devise to the heirs of Peter was substitutionary for the primary devise to Peter and took effect to them as a direct devise only in case of Peter's death in the lifetime of the testator. The subsequent limitations over were intended to apply respectively to the two contingencies of the original devise, and were in continuation of the general plan of the testator to further provide for the existence of either contingency which occurred to his own death, viz., Peter's then taking the estate or the "lawful heirs" of Peter then taking the estate.

3. Unless it appears that the testator clearly intended such inseparable connection of the two limitations, the court will more probably carry out the testator's real intention by holding them to be separable.

On demurrer to bill for specific performance of agreement for sale of lands.

*Mr. Otto A. Stiefel,* for the demurrant.

*Mr. Casimiro Scoppettone,* for the complainant (*Messrs. Sweeney & Scoppettone,* solicitors).

EMERY, V. C.

John Merkel, the father of Peter Merkel, the complainant, by his last will devised as follows:

"To my son Peter Merkel or his lawful heirs I hereby give and bequeath all the tracts and parcels of land and premises conveyed to me by George T. Smith and wife, and known as Numbers 38, 40, 42, 44, and 46 Prince street, Newark, New Jersey, subject to all and every encumbrance thereon, for his own private use forever, under the express condition and restriction that should my son Peter die without leaving any children or grandchildren or should all his children or grandchildren die without

leaving any lawful issue, then and in such case I hereby give and bequeath all the property above bequeathed to my son Peter, to my son John and the children of my daughter Elizabeth M., viz., one half to my son John and one half to the children of my said daughter Elizabeth M., or their several lawful heirs, for their private use forever."

The will was dated June 11th, 1884; testator died November 30th, 1888. Peter, the son, had, at the date of making the will, and at the death of his father, two children living, John and Bertha, who are still living, and each has children born since testator's death. John having three and Bertha one, all infants. Peter Merkel, by written agreement, contracted to convey 38 Prince street, one of the tracts mentioned in the devise, to the defendant, Albert Capone, the conveyance to be by deed of warranty, free from all encumbrance, for $5,000. To the bill for specific performance of the agreement defendant demurs solely on the ground of defect of title in Peter Merkel, and the question which has been argued on the demurrer is, whether Peter Merkel has an absolute title in fee-simple and can convey the lands, free of limitations over, complainant claiming that he has and can convey such title. This claim is based on two propositions—*first,* that one of the limitations over of the estate, viz., the one providing that should "all his [Peter's] children or grandchildren die without leaving any lawful issue," is void, because it cannot be limited to a life or lives in being at the death of the testator and twenty-one years after, and is therefore within the rule against perpetuities and void, and *second,* that this void limitation over is so inseparably connected with the other and previous limitation, viz., on the death of Peter without leaving children or grandchildren, that this limitation over is also void on that account. It is admitted that the limitation over on Peter's death without children or grandchildren standing alone, or if separable from the void limitation, would be valid, and if valid, then it is admitted that Peter's estate is not an absolute fee-simple such as he agreed to convey.

The dispute between counsel in their briefs hinges on this question of separability of the two limitations, defendant contending that they are separable, and that the first limitation over being clearly valid, no good title can be given by the complainant.

This principle of separability of limitations is illustrated in the decisions cited on both sides, and its correctness may be assumed. Its application is a matter rather for the construction of each will than for searching for controlling precedents in the construction of other wills. On considering this devise, it seems to me that the testator intended to provide throughout for two separate contingencies. The opening clause devised "to my son Peter or his lawful heirs," &c., the tracts in question. This devise to the heirs of Peter was substitutionary for the primary devise to Peter and took effect to them as a direct devise only in case of Peter's death in the lifetime of the testator. The subsequent limitations over were intended, in my judgment, to apply respectively to the two contingencies of the original devise, and were in continuation of the general plan of the testator, to further provide for the existence of either contingency which occurred at his own death, viz., Peter's, then taking the estate or the "lawful heirs" of Peter then taking the estate. As to the first contingency (Peter taking), then "should Peter afterwards die without leaving any children or grandchildren," the estate should go over, and as to the second contingency (Peter's heirs taking the estate by way of substitution at testator's death), then should Peter's children or grandchildren who so took at that time as his heirs die without issue; the estate should also go over. The substitutionary devise was, it is true, to the "lawful heirs of Peter," and the second limitation over in the contingency of "the lawful heirs" taking, was "on the death of Peter's children and grandchildren without issue," and while this difference in the description of the persons thus taking and afterwards dying, might possibly have prevented the devise and the limitation over operating together in every possible case, yet it must be considered that the real question now is what was the testator's intention as to the separability of the limitations made in case of Peter taking and afterwards dying, and his intention as to the second limitation. And inasmuch as Peter's two children, who survived testator, were also living at the date of the will, I think it may be, for present purposes, properly assumed that in using the words "or the lawful heirs of Peter," the testator certainly had in his mind Peter's children and grandchildren, and probably had no other

heirs of Peter in mind. If this view be correct, that by "lawful heirs" of Peter in the substitutionary devise, the testator meant children or grandchildren, then, of course, it would not be clear that the second limitation over was void, for it would take effect on the death of the children or grandchildren living and taking as lawful heirs of Peter, at the testator's death. However this may be, the vital question now is. upon the validity of the first limitation as not being intended by the testator to be inseparably connected with the second limitation. Unless it appears that the testator clearly. intended such inseparable connection of the two limitations, the court, in my judgment, will more probably carry out the testator's real intention by holding them to be separable. With this view of the separability of the limitation over on Peter's death, I must advise that he cannot give such absolute title in fee as is required by the agreement and the demurrer on that ground is sustained.